Hamilton, J.
This case is heard on appeal from an order of distribution entered in the court of common pleas of Hamilton county.
Dora L. Klimper, administratrix of the estate of Dorothea G. Klimper, deceased, filed her petition in the probate court of Hamilton county for leave to sell real estate belonging to the estate, and upon a showing that same was necessary to pay the debts of the estate obtained an order for such sale.
It was alleged that the debts were about $5,230, that the charges of administration would amount to about $350, and that the total value of the personal estate of the decedent was less than $100.
*333 All the heirs at law were made parties to the proceeding and consented to the sale' of the property. Plaintiff, Henry Klimper, held the mortgage on the real estate described in the petition, to secure the payment of five notes of $500 each, aggregating $2,500, made in 1899, on which there had been made only one payment of $155. The principal and interest were somewhat in excess of $4,000 at the time of the sale. The mortgagee filed his answer and cross-petition, made no objection to the sale of the real estate, and prayed that his interest as such mortgagee might be protected and his mortgage declared the first and best lien on the premises; and, if sold, that the proceeds arising from the sale be applied in payment of his claim as a first and best lien on the premises described.
Prior to the sale, the administratrix was required to execute a new bond which necessitated the payment of a premium of $25.
• The real estate, upon which the mortgage was held by Henry Klimper, was appraised at the sum of $5,000. The real estate sold in the proceeding for the sum of $3,975, which was somewhat less than the amount of the mortgage claim of Henry Klimper.
It appears from the record that one small piece of unencumbered real estate was offered for sale and no bids received, and is yet unsold.
The two pieces of real estate constituted all the real estate belonging to the estate.
It appears that there is some dispute as to the ownership of six shares of gas stock, as to whether the gas stock is a part of this estate; and that question has not been determined by the lower court.
*334 The record and the agreed statement of facts show that the proceeding to sell was in good faith. The real estate was not purchased b,y the mortgagee, but was purchased by a third party, and the proceeds paid to the administratrix.
The question here arises on distribution of the proceeds of the sale. The points involved are the court costs and expenses of the sale, the percentum and charges of the administratrix in connection with the sale, the allowance to the administratrix of an amount for attorney’s fees for legal services in connection with the sale, and an allowance for the payment of the sale bond. It is agreed that the amounts asked for, and as shown by the record, if proper charges against the proceeds of the sale, are reasonable.
Without undertaking to lay down a general rule that will apply to all cases, in view of the proceedings and facts above stated and disclosed by the agreed statement of facts and the record, under the provisions of Section 10809, General Code, and upon authority of Stone v. Strong, 42 Ohio St., 53, we hold:
First. That the costs and expenses of the sale are proper charges against the fund arising therefrom.
That the charge for additional bond required of the administratrix for the purpose of the sale, amounting to the sum of $25, is a proper charge against the fund arising from the sale.
That the amount of $85.12, in compensation of the auctioneer and special advertising, is a proper charge against the proceeds of the sale.
*335 That the amount of $198.75 is a reasonable allowance to the administratrix for counsel fees, rendered in connection with the sale of the real estate, and is a proper charge against the proceeds of the sale.
That the administratrix is entitled to a percentum compensation for the sale of the real estate, but that such percentum is to be computed upon the aggregate amount arising from the whole estate, graduated as provided by statute, and that the higher rate prescribed by the statute should be first calculated on all the other property of the estate before making any calculation, of percentum on the proceeds of the sale of the mortgaged real estate.
Second. That above payments have priority to the payment of the mortgage claim.
Third. That the balance of the fund be applied to the payment of the mortgage claim of Henry Klimper.
A decree may be taken accordingly and a mandate issued to the probate court to carry this decree into execution.

Judgment accordingly.

Shohl, P. J., and Cushing, J., concur.